**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 1:14-cr-00136-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

9.    AMBROSE CASAUS,

    Defendant.

---

**MOTION TO DISMISS FOR VIOLATION OF MR. CASAUS'S**
**SPEEDY TRIAL RIGHTS**

---

Defendant, Ambrose Casaus, by and through his court-appointed counsel, Eric K. Klein of Johnson & Klein, PLLC, and pursuant to the Sixth Amendment to the United States Constitution, and 18 U.S.C. § 3162, respectfully moves this Court to dismiss the Third Superseding Indictment (Doc. 454) with prejudice as to Mr. Casaus.  Mr. Casaus further states as follows:

**I.    Background and Relevant Timeline**

On April 7, 2014, a grand jury returned an indictment charging Mr. Casaus and others with one count of conspiracy to distribute or possess with intent to distribute five kilograms or more of cocaine.  (Doc. 20.)  On June 5, 2014, a superseding indictment was filed, but it did not change the charge against Mr. Casaus.  (Doc. 66.)  On August 12, 2014, Mr. Casaus made his first appearance in the United States District Court for

the District of Colorado.  (Doc. 97.)  Mr. Casaus was arraigned on the First Superseding Indictment on August 18, 2014.  (Doc. 102.)

On August 19, 2014, Mr. Casaus's then-counsel filed a motion asking for an extension of time to file motions, which was ruled on the next day.  (Docs. 105, 106.)  On September 11, 2014, Mr. Casaus's codefendant Mr. Hernandez filed a motion for an ends-of-justice continuance and exclusion of 30 days, which was not opposed by Mr. Casaus.  (Doc. 121.)  That motion was granted by the Court on September 15, 2014.  (Doc. 121.)

On September 19, 2014, Mr. Casaus filed two motions, one asking for severance, and one asking for a *James* hearing.[1]  (Docs. 137, 138.)  On October 31, 2014, the Court held a hearing on these two motions.  (Doc. 187.)  The Court did not rule on the motions at that time.  (*Id.*)  The Court did, however, express its belief that while Mr. Casaus may have been part of *some* conspiracy, he was not part of the charged conspiracy:

> I see actually three different conspiracies here now.  From the testimony that was presented, we have essentially defendants 1 and 2, who are Del Rio and Martinez, who operate out of El Paso who distribute in Colorado and New Mexico. The only common -- their the common link with Bobroff.
>
> But, the fact of the matter is, the testimony was that Bobroff was not telling Chavez about Hernandez.  And so I see a conspiracy between Martinez, Del Rio, Bobroff and Hernandez.  Then a separate conspiracy between Martinez, Del Rio, Bobroff and Chavez.

(Transcript of Motions Hearing, October 31, 2014, Doc. 195, at 57:20-58:5.)

---

[1] *United States v. James*, 590 F.2d 575, 585-86 (5th Cir.) (*en banc*), *cert denied*, 442 U.S. 917 (1979).

On November 4, 2014, a Second Superseding Indictment was filed. (Doc. 179.) Mr. Casaus was arraigned on that indictment on November 19, 2014. (Doc. 179.) Again, this indictment did not change the sole charge against Mr. Casaus.

On May 21, 2015, the Court issued an order that the parties submit a status report stating how they planned to proceed regarding the still-pending motions of Mr. Casaus. (Doc. 285.) On May 21, 2015, the government filed a response to the Court's order in which it stated its intent to recommend that the case relating to Mr. Casaus be referred for prosecution in the District of New Mexico. (Doc. 285.) On July 1, 2015, the government moved the Court to dismiss the case against Mr. Casaus. (Doc. 305.) The Court granted that motion on July 8, 2015. (Doc. 310.) The Court then also denied Mr. Casaus's pending motions as moot. (*Id.*)

On September 25, 2017, a Third Superseding Indictment was filed, again naming Mr. Casaus as a defendant. (Doc. 454.) On October 10, 2017, Mr. Casaus made his first appearance following arrest on the Third Superseding Indictment. (Doc. 465.) This indictment also did not change the substance of the sole charge against Mr. Casaus.

On October 30, 2017, Mr. Casaus filed a renewed motion for an ends-of-justice continuance requesting an exclusion of 60 days from the speedy trial clock. (Doc. 486.) (The court previously denied such a motion without prejudice.) On October 30, 2017, Mr. Casaus filed several motions. (Docs. 489-495.)

II. Argument

The Sixth Amendment to the United States Constitution mandates that the accused shall enjoy the right to a speedy trial. This right is codified in the Speedy Trial

Act, 18 U.S.C. § 3161.  The Speedy Trial Act requires that the trial of a criminal defendant commence within seventy days of the date that the defendant first appears before a judicial official.  18 U.S.C. § 3161(c)(1).  As to Mr. Casaus, that initial date was August 12, 2014.

Based on the ends-of-justice motion granted in 2014, and the filing of other pretrial motions, 68 days should have been excluded from the speedy trial calculation as of the time of the Motions hearing on October 31, 2014.  Thus, with the 30 days for a decision following the hearing pursuant to § 3161(h)(1)(H), the speedy trial clock ran for Mr. Casaus on January 31, 2015.[2]

Furthermore, the later dismissal of the Second Superseding Indictment on motion of the government does not salvage matters, because the dismissal of the indictment only paused the speedy trial clock during the period of dismissal; it did not restart it.  18 U.S.C. § 3161(h)(5); *United States v. Perez*, 845 F.2d 100, 103-04 (10th Cir. 1988) ("Under § 3161(h)(6)[3], when an indictment is dismissed on the Government's motion, the statutory time limit is merely suspended until a new indictment is returned.  The period between the indictments is excluded from speedy trial calculations, but the clock is not reset.").  Thus, the instant prosecution cannot proceed, because the speedy trial

---

[2] The speedy trial clock did not restart with each superseding indictment, because all of the indictments charged the same offense against Mr. Casaus.  *See* 18 U.S.C. § 3161(h)(5); *United States v. Young*, 528 F.3d 1294, 1296 (11th Cir. 2008) (holding that "neither the filing of a superseding indictment, nor the dismissal of an original indictment followed by the filing of a new indictment, resets the speedy-trial clock" and citing cases); *see also United States v. Rojas-Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring) ("[I]t would make little sense to restart both the 30-day and 70-day periods whenever there is a superseding indictment.").
[3] What was then § 3161(h)(6) is now § 3161(h)(5).

clock already ran prior to Mr. Casaus's first appearance on the Third Superseding Indictment. The government cannot save a speedy trial violation merely by waiting a couple of years and filing a new indictment. Accordingly, regardless of whether time has been excluded since Mr. Casaus's appearance on the Third Superseding Indictment, there is no time remaining on the 70-day clock, and the indictment must be dismissed.

Mr. Casaus recognizes that some delays both before dismissal and since re-indictment were at the request of his counsel. Nevertheless, this does not save a speedy trial violation:

> Because the STA is designed in part to serve the public interest, that a defendant or his counsel is responsible for all or part of the delay "does not unwind [STA] violations. . . . [T]he district court and government are no less responsible under the [STA] merely because it is a defendant who requests a continuance."

*United States v. Rushin*, 642 F.3d 1299, 1304 (10th Cir. 2011) (alterations in original) (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Even with time excluded at the request of Mr. Casaus, the speedy trial clock still ran long ago.

Mr. Casaus recognizes that there is an argument that no additional time has elapsed from the speedy trial clock since his first appearance on the Third Superseding Indictment, because (i) twelve days before Mr. Casaus's first appearance, codefendant Chavez had already requested and been granted an ends-of-justice continuance with 30 days excluded, (Docs. 458, 459); *see United States v. Theron*, 782 F.2d 1510, 1514 (10th Cir. 1986) (recognizing that, when all defendants are out on bail, courts generally have held that extensions sought by one

5

codefendant toll the limitations period for all); and (ii) within the excluded time, codefendant Chavez filed pretrial motions, which could have the effect of tolling the speedy trial clock regarding Mr. Casaus, as well. *See United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004) ("An exclusion for delay attributable to one defendant is applicable to all co-defendants." (internal quotes omitted)). But, because the time ran before the Third Superseding Indictment was filed, this should not matter.

Mr. Casaus also recognizes that the effect of his request regarding the government's prior delay is that the indictment effectively can never be reinstated. But that is appropriate when the government sat on this case for several months prior to dismissing the Second Superseding Indictment and then waited over two years before re-charging Mr. Casaus.

In any event, the Court should order the Third Superseding Indictment dismissed with prejudice. In determining whether to dismiss an indictment with prejudice, the Court must consider, among others, the following factors: "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C.A. § 3162(2). Here, all of these factors favor dismissal with prejudice.

First, Mr. Casaus is alleged to be a low-level, minimal participant in a nonviolent drug conspiracy that ended three and a half years ago.

Second, the case was originally dismissed on motion of the government to allow for prosecution in the District of New Mexico. Federal authorities in New

Mexico did not find the case worth pursuing. The government re-brought the charges against Mr. Casaus more than two years after they were dismissed.

Third, as seen by the current reprosecution, the impact of reprosecution on the administration of a speedy trial and on the administration of justice would be great. Mr. Casaus already lived with significant delay from 2014 into 2015 while the government made the decision to dismiss the case. Once the case was dismissed, he rebuilt his live and developed significant normalcy, only to have the case come back on an apparent whim.

In addition to the factors outlined above, the Court should consider the reason for the delay, what, if any, responsibility Mr. Casaus had for the delay, and the prejudice to Mr. Casaus. *United States v. Taylor*, 487 U.S. 326, 339 (1988). Here, all of these factors weigh in favor of a dismissal with prejudice.

There is no valid reason for the delay following the October 2014 motions hearing. Prior to dismissal of the Second Superseding Indictment as to Mr. Casaus, the government took no action on the case for almost six months, requiring the Court to order the parties to provide the Court with a status report of how matters would proceed. Then, it took more than another month for the government to move to dismiss the case. After dismissal, it was more than two years before the government re-indicted Mr. Casaus.

Although the government has previously indicated that the discovery of fingerprints linking Mr. Casaus to the evidence was the basis for re-indicting him, this is illogical. Mr. Casaus admitted to law enforcement that he put the bag containing

7

money in the car where it was recovered. There was no need for fingerprints. In fact, from discovery it is clear that the government was not even looking to compare the latent prints recovered to the known prints of Mr. Casaus when the items were submitted for fingerprint comparison. Rather, the only comparison requested was to the known prints of Mr. Chavez. Prints were identified to Mr. Casaus only through a later database search when prints were not identified to Mr. Chavez.

Mr. Casaus had no role in the delay. This truly is a case where the Court can explain that the government's conduct with regard to this prosecution has been "lackadaisical." *Taylor*, 487 U.S. at 327.

Last, Mr. Casaus has been prejudiced by the delay. "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty[.]" *Id.* at 340. In *Doggett v. United States,* 505 U.S. 647, 652 n. 1 (1992), the Supreme Court, in considering a violation of the defendant's constitutional right to a speedy trial, noted that depending on the nature of the charges, the lower courts have generally found delay approaching one year to be presumptively prejudicial. Here, Mr. Casaus was prejudiced in 2014-15 by the stress of waiting to know what was going to happen with his case. Then, for more than two years, he was prejudiced by the stress of not knowing if the charge against him would ever come back. *See Taylor*, 487 U.S. at 327 (discussing prejudice from delay "wholly aside from possible prejudice to a defense on the merits").

### III.     Conclusion

The government has had its bites at this apple.  The failure to prosecute this case in 2014 and 2015 resulted in a violation of Mr. Casaus's rights to a speedy trial.  The government's bringing a new indictment years later does nothing to rectify the violation.  The Court should accordingly dismiss the Third Superseding Indictment with prejudice.

WHEREFORE, for the reasons stated herein and for any other reasons that might appear to this Honorable Court, Mr. Casaus asks that the Court dismiss the Third Superseding Indictment (Doc. 454) with prejudice.

DATED this 1st day of December 2017.

Respectfully submitted,

JOHNSON & KLEIN, PLLC

s/ Eric K. Klein
*Eric K. Klein*, #42185
1470 Walnut Street, Suite 101
Boulder, CO  80302
Telephone: (303) 444-1885
Fax:  (866) 340-8286
eklein@johnsonklein.com
ATTORNEY FOR AMBROSE CASAUS

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of December 2017, I electronically filed the foregoing MOTION TO DISMISS FOR VIOLATION OF MR. CASAUS'S SPEEDY TRIAL RIGHTS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                              s/ Brenda Lopez
                                              ***Brenda Lopez***