IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Case No. 14-cr-00136-CMA-09

UNITED STATES OF AMERICA,

    Plaintiff,

v.

9. AMBROSE CASAUS,

    Defendant.

---

**ORDER TO DENYING DEFENDANT'S MOTION TO EXCLUDE LATENT FINGERPRINT IDENTIFICATION EVIDENCE**

---

This matter is before the Court on Defendant Casaus's Motion to Exclude Latent Fingerprint Identification Evidence (Doc. # 517).[1] Essentially, Defendant Casaus asks this Court to find that the fingerprint methodology used by the FBI, commonly known as the ACE-V method, is per se unreliable and therefore inadmissible. Keeping in line with the majority of courts to have addressed this issue, the Court denies the motion.

### I.     LAW

Fed. R. Evid. 702 imposes on a district court a gatekeeper obligation to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "Rule 702,

---

[1] The Court notes that the Defendant did not request a hearing on this issue. The Court nonetheless finds that a hearing, which is not required, is not necessary in this case. *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1031 (10th Cir. 2007) ("Generally, the district court performs this function at a *Daubert* hearing, although such a hearing is not specifically required.").

both before and after *Daubert*, was intended to relax traditional barriers to admission of expert opinion testimony." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1082–83 (D. Colo. 2006).

Rule 702 provides that a witness who is qualified as an expert by "knowledge, skill, experience, training, or education" may testify if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of a challenged expert must demonstrate by a preponderance of the evidence that the testimony and opinion is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

In determining whether expert testimony is admissible, the Court generally employs a three-step process. First, it must first determine whether the expert is qualified "by knowledge, skill, experience, training, or education" to render an opinion. *Id.* at 124. Second, if the expert is sufficiently qualified, the Court must determine whether the proposed testimony is sufficiently "relevant to the task at hand," such that it "logically advances a material aspect of the case." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884, 884 n.2 (10th Cir. 2005). "Doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility unless there are strong factors such as time or surprise favoring exclusions. The jury is

intelligent enough to ignore what is unhelpful in its deliberations." *Robinson v. Mo. Pac. R.R. Co.,* 16 F.3d 1083, 1090 (10th Cir. 1994) (quotation omitted).

Third, the Court examines whether the expert's opinion "has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" *Id.* (quoting *Daubert*, 509 U.S. at 592). Guided by these principles, this Court has "broad discretion" to evaluate whether an expert is helpful, qualified, and reliable under F.R.E. 702. *United States v. Velarde*, 214 F.3d 1204, 1208-09 (10th Cir. 2000).

## II. ANALYSIS

Defendant Casaus does not dispute the Government's fingerprint expert's qualifications, nor does he argue that the fingerprint evidence is irrelevant. Instead, he focuses only on the general reliability of fingerprint examinations using the ACE-V method.

To support his contentions that the ACE-V method is per se unreliable, Defendant Casaus relies heavily on a 2016 report created by President Obama's Council of Advisors on Science and Technology, wherein the Council criticized latent fingerprint examinations. This Court, however, is bound by established Tenth Circuit precedent concluding otherwise — that fingerprint comparison is a reliable method of identifying persons and one that courts have consistently upheld against a *Daubert* challenge. *United States v. Avitia-Guillen*, 680 F.3d 1253, 1260 (10th Cir. 2012); *United States v. Baines*, 573 F.3d 979, 990–91 (10th Cir. 2009) (noting "[f]ingerprint identification has been used extensively by law enforcement agencies all over the world for almost a century," has an "impressively low" error rate, and has achieved

"overwhelming acceptance" by experts in the field); *United States v. Gutierrez-Castro*, 805 F. Supp. 2d 1218, 1231 (D.N.M. 2011) (finding that the ACE-V fingerprint method is sufficiently reliable to be admissible); *see also United States v. Crisp*, 324 F.3d 261 (4th Cir. 2003) (concluding fingerprint identification satisfied *Daubert* ); *United States v. Hernandez*, 299 F.3d 984 (8th Cir. 2002) (same); *United States v. Havvard*, 260 F.3d 597, 601 (7th Cir. 2001) (same).

Although the Court understands that further research and intellectual scrutiny into the reliability of fingerprint evidence would be "all to the good," *Baines*, 573 F.3d at 992, the Court agrees with the conclusion of the Tenth Circuit that "to postpone present in-court utilization of this 'bedrock forensic identifier' pending such research would be to make the best the enemy of the good." *Id.* Indeed, "*Daubert* . . . demands only that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion." *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 85 (1st Cir. 1998). After considering the arguments set forth in the Government's Response, the Court finds that the Government has met this burden.

Moreover, Defendant Casaus does not point out any specific pitfalls or concerns with respect to the fingerprint examination conducted in this case and, as mentioned, provides no argument or authority to support that the Government's expert is somehow unqualified to have conducted her examination. *See Avitia-Guillen*, 680 F.3d at 1260 ("Defendant . . . pointed to nothing in the record indicating [the expert] deviated from normal, reliable fingerprint comparison methods.").

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant Casaus's Motion to Exclude Latent Fingerprint Identification Evidence. (Doc. # 517.)

DATED: December 29, 2017

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge