**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Criminal Case No. 14-cr-00136-CMA-09

UNITED STATES OF AMERICA,

      Plaintiff,

v.

9. AMBROSE CASAUS,

      Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF SPEEDY TRIAL RIGHTS

---

      This matter is before the Court on Defendant Casaus's Motion to Dismiss for Violation of Speedy Trial Rights. (Doc. # 515.) Government opposes the dismissal, arguing that "zero days have run on this defendant's speedy trial calendar or clock of 70 day under the Speedy Trial Act." (Doc. # 529 at 1.) Because the Court finds that a speedy trial violation has occurred, the Court grants the motion and dismisses this case.

      The Speedy Trial Act, 18 U.S.C. § 3161 et seq., is designed "to protect a defendant's constitutional right to a speedy ... trial, and to serve the public interest in bringing prompt criminal proceedings." *United States v. Saltzman*, 984 F.2d 1087, 1090 (10th Cir. 1993). The Act provides that the government must bring a criminal defendant to trial no more than seventy days after, as pertinent here, the date on which the criminal defendant first appears before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). In calculating the seventy days the Act excludes

certain time periods, including periods related to the filing and resolution of pre-trial motions. *See* 18 U.S.C. § 3161(h)(1)-(9). If a criminal defendant is not brought to trial within the seventy-day time limit required by § 3161(c)(1), as extended by operation of § 3161(h)(1)-(9), the penalty provisions mandate that "the information or indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Mr. Casaus first appeared in this case on August 12, 2014, and his seventy-day speedy trial clock began to run on that date. (Doc. # 97.) His original speedy trial deadline was October 21, 2014. In September, Mr. Casaus agreed to a co-defendants request for a 30-day ends of justice continuance, which this Court granted. (Doc. ## 120, 121.) The continuance excluded at least 30 days from Mr. Casaus's speedy trial clock and pushed his speedy trial deadline into mid-November. Mr. Casaus thereafter filed a pre-trial Motion for a *James* Hearing and a Motion to Sever. (Doc. ## 137, 138.) Both filings resulted in excludable time on Mr. Casaus's speedy trial clock.

On October 31, 2014, this Court held a hearing to address Mr. Casaus's *James* and severance motions. (Doc. # 187.) Mr. Casaus argues that the excludable time attributable to those two motions ended thirty days after the October 31 hearing pursuant to § 3161(h)(1)(H), which provides for an exclusion of time based on a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

At the conclusion of the hearing, the Court indeed reserved ruling on the motions because the Government indicated that it intended to submit supplemental materials, including a police report from Special Agent Washington and briefing on various

conspiracy and severance-related issues. (Doc. # 195 at 11, 26, 58, 61–62.) The police report was submitted on November 12, 2014, but no legal briefing was ever provided to the Court. Accordingly, the Court agrees with Mr. Casaus that the time of delay attributable to his *James* and severance motions, once they were under advisement before the Court in late October/early November, cannot exceed thirty days—pushing his speedy trial deadline to early February 2015, at the latest.

Mr. Casaus, however, was not tried by that date. Indeed nothing occurred with respect to Mr. Casaus's case until May 2015, when this Court ordered the parties to submit a status report explaining how they intended to proceed. (Doc. # 280.) The Government responded that it intended to recommend that Mr. Casaus's case be referred for prosecution in the District of New Mexico. (Doc. # 285.) Accordingly, the Government voluntarily dismissed the case in July 2015. (Doc. ## 305, 310.) The authorities in New Mexico did not pursue the matter, however, and the Government re-indicted Mr. Casaus in September 2017—more than two years post-dismissal.

Because Mr. Casaus's speedy trial timeline had run well before July 2015, the Court finds that Mr. Casaus's statutory speedy trial rights under the Speedy Trial Act were violated. (Doc. ## 305, 310.)

The Government argues that all of Mr. Casaus's co-defendants' pretrial motions and notices of disposition qualify as sufficient excludable time under § 3161(h)(1) to extend Mr. Casaus's speedy trial deadlines into late July 2015. The Court acknowledges that § 3161(h)(6) permits as to all co-defendants "a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for

trial has not run and no motion for severance has been granted." *See United States v. Margheim*, No. 10-CR-00326-PAB-17, 2012 WL 1144656, at *1 (D. Colo. Apr. 5, 2012) ("An exclusion attributable to one defendant is applicable to all co-defendants, subject to a reasonableness determination."). Under § 3161(h)(1)(D), such delays may stem from the filing and resolution of any pretrial motion. However, the five pre-trial motions referenced by the Government (Doc. ## 82, 84, 85, 87, 96) were filed by co-defendants who filed notices of disposition prior to the October 31, 2014 hearing on Mr. Casaus's motions. Thus, these motions would not extend Mr. Casaus's speedy trial deadline beyond the time necessary to resolve Mr. Casaus's own motions.

The Government has provided no legal authority to support its proposition that the delay between his co-defendants' notices of disposition and ultimate plea entry qualifies as excludable time attributable from Mr. Casaus's speedy trial deadlines in this case. Although 18 U.S.C. § 3161(h)(1)(G) allows for an exclusion of time based on a delay inherent in any notice of disposition, such a filing appears to stop the speedy trial clock only with respect to the particular defendant who has filed the notice of disposition — "delay resulting from consideration by the court of a proposed plea agreement to be entered into by *the defendant* and the attorney for the Government." (emphasis added). The Court thus finds unreasonable the Government's contention that the notice of disposition filed by one defendant tolls the speedy trial clock as to all co-defendants. *See Margheim*, 2012 WL 1144656, at *1. Indeed, such a proposition would entirely undermine the purpose of the Speedy Trial Act, especially in conspiracy cases in which it is routine for the Government to get one or more co-defendants to enter into early

4

cooperation agreements and then continue their sentencing hearings until after all defendants have either gone to trial or pleaded out.

The September 2017 Third Superseding Indictment, which merely reinstated the sole charge in the prior indictment against Mr. Casaus, did not reset the speedy trial clock and does nothing to undo  the speedy trial violation in this case.  *United States v. Rojas-Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring) ("In light of Congress' intent to bring defendants quickly to trial, it would make little sense to restart [the speedy trial clock] whenever there is a superseding indictment . . . [that] is used to drop charges or parties or . . .  make a minor correction, leaving the charges and the evidence necessary to defend against them unaffected."); *see also* § 3161(h)(5) ("If the information or indictment is dismissed upon motion of the attorney for the Government and thereafter a charge is filed against the defendant for the same offense . . . any period of delay from the date the charge was dismissed to the date the time limitation would commence to run as to the subsequent charge had there been no previous charge."); *United States v. Perez*, 845 F.2d 100, 103–04 (10th Cir. 1988) (Under § 3161(h)(5), "when an indictment is dismissed on the Government's motion, the statutory time limit is merely suspended until a new indictment is returned . . . . [T]he clock is not reset.").

Accordingly, the Court finds the Government's arguments to be unsupported and concludes that Mr. Casaus's speedy trial rights have been violated.  The Court turns to § 3162 to determine what sanction is warranted in this case.  Section 3162 provides:

> If a defendant is not brought to trial within the time limit
> required by section 3161(c) as extended by section 3161(h),

the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The Court finds that all four factors weigh in favor of dismissing this case with prejudice. First, the Government's evidence against Mr. Casaus indicates that, at most, he participated in one drop of funds in New Mexico over three years ago in a non-violent drug conspiracy. As such, Mr. Casaus's involvement was minimal and weighs in favor of dismissing with prejudice. Although the Government vigorously prosecuted the other co-defendants' cases, the Government's prosecution of Mr. Casaus's case in 2014 and 2015 was lackluster at best. After its filing of an additional exhibit which it did not have at the October 31, 2014 hearing, no further proceedings took place. Finally, in response to this Court's May 14, 2015 order directing that the parties files a status report, the Government indicated that it was recommending, in the interests of judicial economy and witness convenience, that the charges against Mr. Casaus and his co-defendant Mr. Chavez be prosecuted in New Mexico. The Government filed its Motion to Dismiss the Indictment Without Prejudice as to Ambrose Casaus (Doc. # 305) on July 1, 2015. Mr. Casaus states, however, that the State of New Mexico did not find the case worth pursuing, and the Government has presented no information to the contrary. The administration of justice and speedy trial concerns related to this three-year-old case

clearly weigh against reprosecution.  Indeed, this Court and the parties have already

spent significant time revisiting matters previously addressed but left unresolved as a

result of the previous delays in prosecution.

Courts also consider any prejudice to the defendant and his contribution to the

delays in the case when considering whether dismissal with or without prejudice is

warranted.  *United States v. Taylor*, 487 U.S. 326, 340 (1988).  First, the Court

emphasizes that Mr. Casaus had little to do with the delays in this case.  After the

October 31 hearing on his pre-trial motions, Mr. Casaus neither filed any further motions

nor requested any continuances.  The delay is instead attributable to both this Court's

failure to timely rule on the outstanding Motions and the Government's inaction,

dismissal, and subsequent decision to reprosecute this case two years after voluntarily

dismissing it.  With respect to prejudice, the Court recognizes that Mr. Casaus's trial

preparation has been largely unaffected by the delay.  Moreover, the restrictions on Mr.

Casaus's liberty have been minimal, considering that he was out on bond during the

pendency of the 2014–2015 proceedings and then after the 2015 dismissal was out

free.  Nonetheless, the Court recognizes that "wholly aside from possible prejudice to a

defense on the merits, [a significant delay] may 'seriously interfere with the defendant's

liberty, whether he is free on bail or not, and ... may disrupt his employment, drain his

financial resources, curtail his associations, subject him to public obloquy, and create

anxiety in him, his family and his friends.'"  *Barker v. Wingo*, 407 U.S. 514, 537 (1972)

(WHITE, J., concurring); *see also United States v. Taylor*, 487 U.S. 326, 340–41 (1988).

Weighing the emotional and social prejudices highlighted by Mr. Casaus in conjunction

with the factors previously mentioned, the Court finds that dismissal with prejudice is appropriate.

For the foregoing reasons, the Court GRANTS Mr. Casaus's Motion (Doc. # 515) and DISMISSES this case WITH PREJUDICE.   The Motions hearing set for January 5, 2018, is therefore VACATED with respect to Mr. Casaus.

DATE:  January 4, 2018                    BY THE COURT:


_____
CHRISTINE M. ARGUELLO
United States District Judge